SMITH
v.
PORTER.

---

THE STATE v. THE JUDGE OF THE SECOND DISTRICT COURT OF NEW ORLEANS:

The Judge, in granting an appeal demanded, shall state the amount of the surety to be given by the appellant, and the day on which the appeal shall be returned. C. P. 574.

ON the relation of Ernest Putnam, Ex'r, &c., praying for a *mandamus*.
George L. Bright, for petitioner.

MERRICK, C. J. The relator, as executor of the last will of Gideon Foster, deceased, filed an account and tableau of distribution. The same was opposed by John Culbertson, who claimed to be a creditor for $250; and also by another, who claimed to be a creditor for $25. Both oppositions were sustained, and the two sums were by the judgment of the court awarded the opponents. The court also struck from the tableau the legacies proposed to be distributed to such of the heirs as are alien enemies, reserving to the Confederate States whatever right they might have to the same. The executor, the widow of the deceased, and Samuel H. Kennedy, as agent and attorney in fact for certain of the heirs, filed a petition for a suspensive appeal.

The appeal was granted them, on giving bond and security "as required by law."

They gave bond in the sum of two hundred dollars only. Thereupon, a rule was taken upon them by the opponents to show cause why the suspensive appeal should not be set aside on the ground of the insufficiency of the bond. On the trial, the rule was made absolute.

The present opposition is for a mandamus to compel the District Judge to grant relators a suspensive appeal on the bond they had filed.

The judgment rendered in favor of the opponents was for money, and amounted, as already said, to two hundred and seventy-five dollars. For a suspensive appeal in such case, the law has fixed the amount of the appeal bond at a sum exceeding the above by one half, viz., $412 50. C. P. 575.

This, then, was the sum fixed by the order of the Judge, and the relators could only perfect their appeal by complying with the order. Instead of so doing, they chose to give bond in a sum fixed by themselves (viz.) $200. Now, to allow parties to appeal on giving bond in such sums as they might please to fix, would abrogate article 574 of the Code of Practice, which grants the appeal only on the order of the Judge, whose duty it is to state *the amount of the surety to be given by the appellant.* We are aware of no law which exempts successions (against which judgments have been rendered) from this rule. The cases in 16 L. R. 515, and 10 An. R. 345, do not make such exception. See the case of *Keenan* v. *Whitfield*, 15 An. 333.

It is, therefore, ordered, that the application for a writ of mandamus in this case, be dismissed at the costs of relators.